NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| THOMAS SCOTT SOUTHERN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-538-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ATTORNEY KAREN BLONDELL, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Thomas Scott Southern, an individual presently confined at the Green River Correctional Complex in Central City, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, together with an application to proceed *in forma pauperis*. His motion to proceed *in forma pauperis* will be granted by separate Order. The complaint is before the Court for initial screening.[1] 28 U.S.C. §1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons discussed below, the Plaintiff's claims against the named Defendant will be dismissed.

---

[1] This is a *pro se* pleading and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition/complaint must be taken as true and construed in favor of the *pro se* litigant. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

<u>CLAIMS AND DEFENDANTS</u>

The Plaintiff claims that Defendant Karen Blondell committed prosecutorial misconduct and violated his due process rights in a state court criminal proceeding.  As a result, he asserts that he has been denied a fair trial.

<u>FACTS</u>

The opinion of the Supreme Court of Kentucky in *Southern v. Commonwealth*, 2006 WL 141608 (Ky. 2006) (not reported in S.W.3d), provides the relevant background about the Plaintiff, beginning in 2002.  In September of that year, Southern's 14-year old daughter told officials that her father had been raping her for three years.  Following an investigation, the Plaintiff was indicted by a grand jury in Bell County, Kentucky (Bell Circuit Court, Case No. 03-CR-00068) on two counts of Rape in the First Degree and one count of Sodomy in the First Degree.

In January 2004, a jury convicted the Plaintiff on all counts.  Pursuant to the jury's recommendation, Southern was sentenced to an aggregate of thirty (30) years in the state penitentiary.  He appealed his conviction to the Supreme Court of Kentucky, as a matter of right, on several grounds.  On January 19, 2006, that court issued the above-referenced decision, rejecting  all claims of error and affirming the Plaintiff's conviction.  Southern is currently serving the 30-year sentence.

Southern has filed three civil rights actions[2] against persons involved in the prosecution of the State's case against him.  As in his two other cases, he has again submitted a 4-page, typewritten complaint, to which he has attached numerous documents.  In the present case, he gives no details about the purported improper conduct but alleges generally that the prosecuting attorney, Karen Blondell, committed such unethical and illegal acts as to deprive him of a fair trial.  As a result, he alleges that he is suffering an unlawful incarceration.  He claims to have filed complaints about this Defendant with 10 different professional agencies and to have received replies, thus exhausting administrative efforts.

<u>RELIEF REQUESTED</u>

As he did previously, virtually verbatim, Southern asks this Court to : (a) review this case together with the two other §1983 cases which he has filed about the same conviction; (b) order a criminal investigation into the Defendants' roles in his prosecution and pursue the Defendants "to the fullest extent of the law"; and (c) award monetary damages to him.  Additionally, he seeks to have Attorney Blondell and Judge Bowling disbarred.

<u>DISCUSSION</u>

To establish a right to relief under §1983, a Plaintiff must plead and prove two essential elements.  First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States.  Second, the Plaintiff must demonstrate that the Defendants

---

[2]    On December 8, 2006, Southern filed the three lawsuits in this Court simultaneously, all pursuant to 42 U.S.C. §1983 and all seeking the same relief, primarily damages from participants involved in the criminal conviction.  In *Southern v. English*, Civil Action No. 6: 06-536-DCR, he named the Middlesboro Police Department and its chief investigating officer, Jim English, as defendants.  In *Southern v. Bowling*, Civil Action No. 6: 06-537-DCR, he named the presiding judge as the sole defendant.  The other two cases have been screened and dismissed, *sua sponte*.

3

allegedly depriving him of those rights acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

Here, the Plaintiff has alleged that Defendant Blondell violated his right to a fair trial, as guaranteed in the U.S. Constitution, and that her actions in the criminal investigation and prosecution against the Plaintiff were made under the authority of state law, as a state prosecutor. Therefore, he contends that he is entitled to relief.  In essence, Southern has attempted to use a civil proceeding, brought pursuant to 42 U.S.C. §1983, to challenge in this Court the same convictions which the state courts held to be valid.  However, he  may not attempt to obtain such relief in a civil rights action.

To the extent that Southern seeks release from an illegal conviction and/or sentence, he essentially seeks a writ of habeas corpus and must proceed according to habeas law.  *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Dixon v. Alexander*, 741 F.2d 121, 124-25 (6th Cir. 1984).  "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).  "Section 1983 should not be used to make an end run around habeas corpus procedures." *Foster v. Kassulke*, 898 F.2d 1144, 1148 (6th Cir. 1990).  Therefore, to the extent that the Plaintiff seeks relief from his convictions and/or sentences, consistent with the foregoing, this Court will not entertain his claims on the merits in a Section 1983 proceeding.  Southern may seek relief from the conviction and sentence only by

filing a petition for writ of habeas corpus under 28 U.S.C. §2254, after exhaustion of state court remedies and within the time frame of the statute. *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985) (citing *Preiser*, 411 U.S. at 482). *See also N.A.A.C.P. v. Detroit Police Officers Ass'n.*, 900 F.2d 903 (6th Cir. 1990) (citing *Preiser*, 411 U.S. at 489-90).

Moreover, to the extent that Southern seeks damages from the prosecutor, he is advised that he has failed to state a claim upon which this Court may grant relief. First, the pleadings in this case have not set forth the factual basis of the claim in a manner that gives the Defendant proper notice and does not require either the Defendant or this Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Such insubstantial pleading warrants dismissal.

Even if the Plaintiff had outlined details about Prosecutor Blondell's purported illegal conduct, his complaint would be dismissed on another ground. A prosecutor is afforded absolute immunity from suit under §1983 when the complained-of activity is "intimately associated with the judicial phase of the criminal process" or performed in a "quasi-judicial" role. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993), *cert. denied*, 114 S. Ct. 2742 (1994). "Sixth Circuit precedent has established that 'the critical inquiry is how closely related is the prosecutor's challenged activity to his role as an

advocate intimately associated with the judicial phase of the criminal process.'" *Id.* (citing *Joseph v. Patterson*, 795 F.2d 549, 554 (6th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987)).

Prosecutors are cloaked with immunity from all decisions regarding prosecution except those "deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification." *Wayte v. United States*, 470 U.S. 598, 608 (1985). Further, a prosecutor is absolutely immune from liability for damages based upon his decisions regarding the initiation of a prosecution. *See Meade v. Grubbs*, 841 F.2d 1512, 1532 (10th Cir. 1988); *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990). Also, evidence gathering after the formal initiation of a prosecution has been deemed an absolutely protected act. *E.g.*, *Hunt v. Jaglowski*, 926 F.2d 689, 693 (7th Cir. 1991).

Finally, with regard to Plaintiff's request to have this Court pursue a criminal investigation and/or prosecution against Defendant Blondell, he is advised that he may also not obtain this relief. Authority to initiate the requested criminal complaints rests exclusively with state and federal prosecutors. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986). A federal court has no authority to do so. *Id.*; *see also Kennedy v. Anderson*, 373 F. Supp. 1345, 1346 (E.D. Okla. 1974).

<u>CONCLUSION</u>

Accordingly, being sufficiently advised, it is hereby **ORDERED** as follows:

(1)     This action is **DISMISSED**, *sua sponte,* from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant.

    (2)    The Court finds that the Plaintiff's motions for an evidentiary hearing [Record No. 4] and for leave to submit another exhibit [Record No. 7] offer no basis for this action to survive the screening above.  Therefore, these motions are **DENIED** as moot.

    This 17th day of January, 2007.

Signed By:

_**Danny C. Reeves**_   DCR

**United States District Judge**

7